■ GERRITY COMPANY, INC., on Behalf of Itself and All

Others Similarly Situated, Respondent, v BONACQUISTI CON-STRUCTION CORPORATION, Defendant, and NORSTAR BANK OF UPSTATE NY, Formerly STATE BANK OF ALBANY, Appellant.— Casey, J. Appeal from an order and judgment of the Supreme Court (Doran, J.), entered December 7, 1988 in Albany County, which, *inter alia,* granted plaintiff's motion for summary judgment against defendant Norstar Bank of Upstate NY.

On a prior appeal this court modified an order of Supreme Court by reversing so much thereof as granted plaintiff's motion for summary judgment against defendant Norstar Bank of Upstate NY (hereinafter Norstar), and affirmed the denial of Norstar's cross motion for summary judgment (136 AD2d 59). We stated in that decision that Norstar would not be liable for diversion of trust assets solely because it was aware of the nature of the business of defendant Bonacquisti Construction Corporation (hereinafter Bonacquisti) and that Norstar was not shown to have had knowledge that would have removed it from the status of a good-faith purchaser for value. We further stated that Norstar's status as a good-faith purchaser would turn on facts such as its awareness of the account containing trust assets and its knowledge of Bonacquisti's financial condition at the time of the setoff *(supra,* at 65). Thus, we held that summary judgment against Norstar was at least premature because plaintiff had not explored Norstar's knowledge through pretrial discovery.

Following our prior decision the only additional evidence produced through pretrial discovery was an examination of the Norstar vice-president of the loan division, John Kennedy. Kennedy explained that the setoff of over $117,000 by Norstar against the balance contained in the Bonacquisti checking account was due to Bonacquisti's deteriorating financial condition, its unwillingness to provide financial information and its slowness in making payments. Kennedy testified that he did not know the source of the funds in Bonacquisti's checking account, but that he did know that Bonacquisti was in the business of general construction and had performed some such work for Norstar and that "one of the sources of deposits was from contract revenues". The only other accounts held in Norstar by Bonacquisti were a checking account used for payroll purposes and a savings account pledged or assigned as some type of assurance. Following this testimony, plaintiff again moved for summary judgment against Norstar and Norstar cross-moved for summary judgment dismissing the complaint against it.

Supreme Court concluded that Norstar knew that Bonac-

quisti was a general contractor and tracked its financial progress as such, that Norstar relied on Bonacquisti's income from construction work to repay loans, and that Norstar's knowledge of Bonacquisti's source of funds and its financial straits, which precluded payment of all claims, created a duty on the part of Norstar to determine if trust funds were included in the checking account prior to setoff. Thus, the court concluded that the setoff was a substantial depletion of the account and, therefore, constituted a diversion. Supreme Court thereupon again granted plaintiff's motion for summary judgment against Norstar and awarded counsel fees in an amount to be determined in a further proceeding. Norstar has appealed.

We reverse the order and judgment of Supreme Court. In the prior appeal of this matter, we specifically stated that the general knowledge of Bonacquisti's business by Norstar and the negotiation of the checks from Southway Realty Corporation, which referred to a "Verona Job", did not put Norstar on notice of the trust character of the funds absent actual knowledge of the bank (*supra*, at 64). If a bank has knowledge that an account of a trustee contains trust funds, it participates in the diversion when it sets off the funds in satisfaction of the trustee's personal indebtedness (*Grace v Corn Exch. Bank Trust Co.*, 287 NY 94, 106). If a bank knows that the account was substantially composed of trust funds and the setoff would substantially deplete the account, the bank can no longer disavow bad faith due to a lack of knowledge of outstanding trust claims of statutory beneficiaries at the time of the setoff (*Gerrity Co. v Bonacquisti Constr. Corp., supra*, at 65).

The only new evidence presented subsequent to our prior decision denying plaintiff's first motion for summary judgment was the testimony of Kennedy. His testimony did not show an awareness on the part of Norstar that Bonacquisti used the checking account as the principal regular depository of Lien Law trust assets, for he denied actual knowledge of the trust character of the funds on deposit. The testimony of Kennedy was, therefore, legally insufficient to supply the knowledge that we found lacking in plaintiff's first motion for summary judgment on the prior appeal. Supreme Court, therefore, erred in again granting plaintiff's motion for summary judgment against Norstar. As to Norstar's cross motion for summary judgment, Norstar was not shown to have had actual knowledge of the existence of trust assets and thus did not participate in a diversion. Its cross motion for summary judgment should therefore have been granted. In view of the determina-

tion made herein, any award of counsel fees would be inappropriate.

Order and judgment reversed, on the law, with costs, motion denied, cross motion granted and summary judgment awarded to defendant Norstar Bank of Upstate NY dismissing the complaint against it. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur. *[See,* 135 Misc 2d 186.]